UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF REPUBLIC OF KAZAKHSTAN FOR ORDER DIRECTING DISCOVERY FROM GLAS TRUST COMPANY LLC PURSUANT TO 28 U.S.C. § 1782

**ORDER**

23-mc-283 (ER)

RAMOS, D.J.:

On August 17, 2023, the Republic of Kazakhstan filed an *ex parte* petition for discovery in aid of foreign legal proceedings pursuant to 28 U.S.C. § 1782 ("the Petition"). Doc. 1. The Petition sought leave to issue deposition and document subpoenas to GLAS Trust Company LLC ("GLAS") for purposes of using that discovery in ongoing criminal and civil proceedings in Europe ("the Foreign Legal Proceedings")[1] against Anatolie Stati, Gabriel Stati, and their companies Ascom Group S.A. and Terra Raf Trans Trading Ltd. (collectively, "the Statis"). Doc. 5. The Court granted the Petition on August 22, 2023. Doc. 10.

On November 1, 2023, the Statis filed motions (1) to intervene, (2) to vacate the Court's order and quash the subpoenas to GLAS, and (3) stay discovery pending the Court's decision on the vacatur and quashal. Docs. 14, 15, 17. Kazakhstan opposed all

---

[1] The Foreign Legal Proceedings consist of (1) ongoing civil proceedings in Belgium, (2) ongoing criminal and civil proceedings in Luxembourg, (3) ongoing civil proceedings in the Netherlands, and (4) ongoing and anticipated proceedings concerning court orders in England. Doc. 5 ¶ 2.

All the proceedings arise from the Statis' purchase of two Kazakh companies between 1999 and 2004 and subsequent sale of notes to third-party investors in 2006 and 2007 purportedly to finance the operation of those companies. *Id.* ¶ 4. Wells Fargo was the original trustee of the notes, and GLAS succeeded Well Fargo as trustee on March 8, 2021. *Id.* ¶ 5. Kazakhstan alleges that, instead of using the money raised from the notes for legitimate business expenses, the Statis instead embezzled hundreds of millions of dollars, blamed the loss on Kazakhstan's creation of a "liquidity crisis," and used fraudulent reports and financial statements to obtain an arbitration award against Kazakhstan in December 2013 ("the Award"). *Id.* ¶¶ 6–7. The Statis then obtained recognition of the Award in England, Italy, Belgium, the Netherlands, Luxembourg, and the United States. *Id.* ¶ 5. After first discovering evidence of the fraud in 2015 and discovering substantially more evidence in 2019 and 2020, Kazakhstan now seeks to overturn confirmation of the Award in multiple jurisdictions. Doc. 27 at 9:20–11:16. Kazakhstan seeks discovery from GLAS regarding its role as trustee and relationship with the Statis. Doc. 5 ¶ 45; *see also* Docs. 5-1 (Proposed Subpoena Duces Tecum), 5-2 (Proposed Subpoena Ad Testificandum).

three motions on November 14, 2023.  Doc. 21.  The Court held a hearing on the Statis' motions on November 15, 2023 ("the Hearing"), at which it granted the Statis' request to intervene and denied the stay.  Doc. 27 at 5:8–9, 28:6–10.  Although the Court heard argument on the vacatur and quashal, it did not decide the motion at the Hearing because the Statis requested leave to file a reply in support of its motion.  *See id.* at 26:22–27:19.  The Statis replied on November 29, 2023.  Doc. 25.

GLAS has neither appeared in the matter nor joined the Statis' arguments for vacatur and quashal.  To the contrary, Kazakhstan represented at the Hearing that GLAS, represented by counsel, already served pro forma responses to the subpoenas, met and conferred with Kazakhstan, and was on the cusp of producing responsive documents pending completion of an ongoing privilege review and entry into a confidentiality order.  Doc. 27 at 2:23–3:18.

For the reasons that follow, the Statis' motion to vacate and quash is DENIED.

I.  **LEGAL STANDARD**

Under 28 U.S.C. § 1782(a), "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation."  To obtain a court order for discovery under § 1782, an applicant must establish the following:

> (1) that the person from whom discovery is sought reside[s] (or [can] be found) in the district of the district court to which the application is made,
> (2) that the discovery [is] for use in a proceeding before a foreign tribunal, and
> (3) that the application [is] made by a foreign or international tribunal or 'any interested person.'

*In re Edelman*, 295 F.3d 171, 175–76 (2d Cir. 2002) (citation omitted).

If these statutory factors are met, the Court "may grant discovery under § 1782 in its discretion."  *Kiobel v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 244 (2d Cir.

2018) (citation omitted). "To guide district courts in the decision to grant a Section 1782 petition, the Supreme Court in *Intel* [*Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004)], discussed non-exclusive factors . . . to be considered in light of the 'twin aims' of Section 1782: 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Id.* (citation omitted). These four factors are:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad," because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence;"
> (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;"
> (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and
> (4) whether the discovery request is "unduly intrusive or burdensome."

*Intel*, 542 U.S. at 264–65. No single *Intel* factor is dispositive or should be given more weight than the others. *Marubeni America Corp. v. LBA Y.K.*, 335 F. App'x 95, 97 (2d. Cir. 2009).

## II.   DISCUSSION

First, the Statis argue that GLAS is not "found" in this District and therefore does not satisfy the first § 1782 requirement. Doc. 15 ¶¶ 14–18. Specifically, the Statis argue that a person is "found" in the district where general personal jurisdiction exists over them, and Kazakhstan's only basis for stating that GLAS is found in the District is that it maintains an office in Manhattan, but that is not enough alone to satisfy the requirements

3

for general personal jurisdiction if the New York office is not its principal place of business. *Id.* ¶¶ 14–15. Kazakhstan responds that GLAS is also found here because the contracts by which GLAS became trustee are governed by New York law, and GLAS has conducted its business as trustee from its office in Manhattan. Doc. 21 at 19–20. Moreover, GLAS has consented to personal jurisdiction by accepting service of the § 1782 subpoenas and agreeing to produce documents. *Id.* at 20–21.

The Court already noted at the Hearing that it believed GLAS consented to jurisdiction and was therefore found in the District. *See* Doc. 27 at 6:3–8:4; *see also id.* at 17:19–25 ("[I] have to say, it seems to me that the statutory requirements for the 1782 subpoena are met. There are foreign proceedings. *As far as I know, [GLAS] is found here*, and the documents will be used in connection with those proceedings. Why should I not grant the subpoena or, again, just re-declare that the subpoena is adequate and appropriate?"). But, even if GLAS was not found in this District on the basis of its consent, the Court finds it is also found here because the Court has specific personal jurisdiction over GLAS. The Statis misstate the law in arguing that an individual is found in the District only if *general* personal jurisdiction exists over it. *See* Doc. 15 ¶¶ 14–18. To the contrary, the definition of "resides or found" under § 1782 "extends to the limits of personal jurisdiction consistent with due process," *In re del Valle Ruiz*, 939 F.3d 520, 527 (2d Cir. 2020), and the requirement can thus be satisfied by showing that the Court has *either* "general or all-purpose jurisdiction" *or* "specific and case-linked jurisdiction," *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017). *See also In re Polygon Glob. Partners LLP*, No. 21-mc-364 (ER), 2021 U.S. Dist. LEXIS 98800, at *11–16 (S.D.N.Y. May 25, 2021) (holding that a respondent was found in the district based on a theory of specific personal jurisdiction). Thus, if no general jurisdiction is found, specific personal jurisdiction in the § 1782 context can suffice "where the discovery material sought proximately resulted from the respondent's forum contacts." *In re del Valle Ruiz*, 939 F.3d at 530. Here, the discovery sought is based on GLAS' conduct in New York and

4

contracts governed by New York law. Doc. 21 at 19–20. Accordingly, the Court holds that the Statis are found in the District.

Second, the Statis argue the discovery sought from GLAS is not "for use" in the Foreign Legal Proceedings because Kazakhstan fails to explain how it specifically intends to use the GLAS discovery in the Foreign Legal Proceedings. Doc. 15 ¶¶ 19–30. Moreover, the Statis argue that Kazakhstan cannot use the GLAS discovery because it is duplicative of discovery already obtained from Wells Fargo through another § 1782 action, and discovery concerning alleged fraud against the noteholders is irrelevant to overturning the Award. *Id.*; *see also* Doc. 25 at 9–12. Kazakhstan responds that the GLAS discovery is not duplicative of that from Wells Fargo because Wells Fargo did not have documents regarding GLAS' role as replacement trustee. Doc. 21 at 22. Further, the Statis misunderstand the "for use" requirement, which requires only that Kazakhstan have "the practical ability" to place the GLAS discovery in any of the Foreign Legal Proceedings; and Kazakhstan not only has such ability, but the discovery of the Statis' alleged fraud is "critical" to Kazakhstan's attempts to overturn the Award on the basis it was obtained by fraud. *Id.* at 22–26. It additionally details multiple ways in which it intends to use the GLAS discovery in several of the Foreign Legal Proceedings. *Id.*

Kazakhstan is correct that the "for use" requirement looks to its "*practical ability* . . . to place a beneficial document—or the information it contains—before a foreign tribunal." *In re Accent Delight Int'l, Ltd.*, 869 F.3d 121, 131 (2d Cir. 2017) (emphasis in original). It need not show the discovery is necessary to prevail in the proceeding—only that the discovery will be "used at some stage." *Id.* (citing *Mees v. Buiter*, 793 F.3d 291, 301 (2d Cir. 2015)). The Court is persuaded that Kazakhstan has satisfied its burden to show that it has the practical ability to use the GLAS discovery in the Foreign Legal Proceedings. *See* Doc. 21 at 22–26. Moreover, not only have the Statis provided no authority that any similarities between the GLAS discovery and that from Wells Fargo is a reason to deny the GLAS discovery (*see* Doc. 15 ¶ 22), but the

Court does not find that the discovery would be duplicative since the GLAS documents are "of a more current vintage" (*see* Doc. 27 at 17:3–6).

Third, turning to the third *Intel* factor, the Statis argue that the Petition is "disingenuous" "chicanery" to circumvent U.S. discovery limitations because its real intended use for the GLAS discovery is as a substitute for post-judgment discovery in the District of D.C., where Kazakhstan is seeking to set aside confirmation of the Award. Doc. 15 ¶¶ 33–35. Kazakhstan responds that (1) the third *Intel* factor actually weighs in favor of discovery unless it would violate a foreign tribunal's express directive (which it would not); (2) it has no intention to use the GLAS discovery in the D.D.C. action because it will be able to obtain post-judgment discovery there without § 1782; and (3) the hypothetical use of § 1782 discovery in a domestic proceeding is no reason to deny such discovery. Doc. 21 at 27–28; *see also* Doc. 27 at 14:21–15:11, 25:12–15.

The Statis have provided nothing more than unsubstantiated conjecture of "chicanery" (*see* Doc. 15 ¶¶ 33–35), but Kazakhstan has amply demonstrated its intended use for the GLAS discovery in the various Foreign Legal Proceedings (Doc. 21 at 22–26), and repeatedly represented that it will not use the § 1782 discovery in the D.D.C action (*id*. at 27–28; *see also* Doc. 27 at 14:21–15:11, 25:12–15). Accordingly, the Court does not find that the third *Intel* factor weighs against discovery.

Finally, the Statis argue that the § 1782 discovery is unduly burdensome because it is part of a campaign of harassment against the Statis, GLAS, and the noteholders. Doc. 15 ¶¶ 36–40; Doc. 25 at 13–14. But the Statis provide no authority that would allow it to assert burden on behalf of GLAS or the noteholders. *See id.* On the other hand, Kazakhstan cites *In re Hellard*, No. 21-mc-864 (GHW) (KHP), 2022 WL 2819408, at *3 (S.D.N.Y. July 19, 2022) and *In re Tel. Media Grp. Ltd.*, No. 23-mc-215 (JGLC), 2023 WL 5770115, at *11 (S.D.N.Y. Sept. 6, 2023), which hold that an entity that "is not being asked to produce anything" will not be burdened by the subpoena and may not object to § 1782 discovery on the basis of burden, particularly where the § 1782

respondent has not objected and is negotiating with the petitioner regarding the scope of discovery to produce.  Doc. 21 at 29.  Here, Kazakhstan does not seek any § 1782 discovery from the Statis, only GLAS; and GLAS has not objected to the Petition but is in fact in the process of producing documents to Kazakhstan.  Doc. 27 at 2:23–3:18.  Accordingly, the Court will look only to burden the GLAS discovery would impose on the Statis.  *See In re Tel. Media Grp. Ltd.*, 2023 WL 5016497, at *11; *In re Hellard*, 2022 WL 2819408, at *3.

The Statis object to the burden to themselves on the basis that the purpose of the GLAS discovery is to obtain improper discovery with which to harass the Statis and oppose its legitimate Award.  Doc. 25 at 14.  But besides a conclusory allegation that the GLAS discovery is harassing, the Statis offer nothing from which the Court can conclude that the Petition was made to harass the Statis or for any other improper purpose.  *See* Doc. 15 ¶¶ 36–40; Doc. 25 at 13–14.  Such conclusory allegations are not enough.  *See In re Tel. Media Grp. Ltd.*, 2023 WL 5016497, at *11.  The Court therefore does not find that the fourth *Intel* factor weighs against discovery.

Accordingly, the Court does not find any of the Statis' arguments for vacatur and quashal meritorious, and their motion is denied.

### III. CONCLUSION

For the reasons set forth above and on the record at the Hearing, the Statis' motions are DENIED.  The Clerk of Court is respectfully directed to terminate the motions (Docs. 14, 15, and 17).

It is SO ORDERED.

Dated:   December 4, 2023
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.