UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF REPUBLIC OF KAZAKHSTAN FOR ORDER DIRECTING DISCOVERY FROM GLAS TRUST COMPANY LLC PURSUANT TO 28 U.S.C. § 1782 | Misc. Action No. 1:23-mc-00283-ER |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS, the parties to this action, Republic of Kazakhstan (the "Republic") and GLAS Trust Company LLC ("GLAS") (collectively, the "Parties" and individually, a "Party"), request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms:

1.  With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential"

pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only documents that it reasonably and in good faith believes consist of non-public information which the Producing Party takes measures to keep confidential, which is commercially sensitive and which, if publicly disclosed, would cause significant damage to the Producing Party.

3. With respect to Discovery Material designated Confidential, the Producing Party or its counsel may designate such document as "Confidential" by stamping or otherwise clearly marking the document as "Confidential" in a manner that will not interfere with legibility or audibility.

4. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a) the Parties to this action;

    (b) counsel to the Parties, and counsel retained for the foreign proceedings identified in the Republic of Kazakhstan's § 1782 petition filed in this action (ECF 1), including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (c) counsel retained in any other action identified in Paragraph 9 of this Order, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (d) outside vendors or service providers (such as copy-service providers and document-management consultants) hired by counsel;

 (e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

 (f) any witness who counsel in good faith believes may be called to testify at trial or deposition in this action or those identified in Paragraph 9 of this Order provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

 (g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action or those identified in Paragraph 9 of this Order, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

 (h) stenographers engaged to transcribe depositions the Parties conduct in this action or those identified in Paragraph 9 of this Order;

 (i) this Court, including any appellate court, its support personnel, and court reporters; and

 (j) the courts identified in Paragraph 9 of this Order.

 5. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 4(d), 4(f), or 4(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

6. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified.

7. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents.

8. Any Party who objects to any designation of confidentiality may, within 90 days of the production of such Confidential Discovery Material, serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(A)-(B) of this Court's Individual Practices.

9. Recipients of Confidential Discovery Material under this Order may use such material in this action and the foreign proceedings identified in the Republic of Kazakhstan's § 1782 petition filed in this action (ECF 1). In the event a recipient wishes to use any Confidential Discovery Material in any other proceeding, the recipient will seek such consent from the Producing Party, and the Producing Party agrees to consider such request in good faith and not

unreasonably withhold such consent. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

10. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

11. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.  This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

13. GLAS, by agreeing to this Stipulation and Order, does not intend to waive any jurisdictional defenses that may exist, and it expressly preserves its right to raise any such jurisdictional defenses to the extent that they exist.

SO STIPULATED AND AGREED.

By:   /s/ *Felice B. Galant*

Felice B. Galant
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
Tel.: (212) 318-3000
Fax: (212) 318-3400
felice.galant@nortonrosefulbright.com

Matthew Kirtland
Esha Kamboj
NORTON ROSE FULBRIGHT US LLP
799 9th St. NW Suite 1000
Washington, DC 20001
Tel.: (202) 662-0200
Fax: (202) 662-4643
matthew.kirtland@nortonrosefulbright.com
esha.kamboj@nortonrosefulbright.com

*Attorneys for Petitioner Republic of Kazakhstan*

By:   /s/ *James O. Heyworth*

James O. Heyworth
Peter J. Mardian
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Tel: (212) 839-5300
Fax: (212) 839-5599
jheyworth@sidley.com
pmardian@sidley.com

*Attorneys for Respondent GLAS Trust Company LLC*

SO ORDERED.

Dated: December 8, 2023
New York, New York

_____
EDGARDO RAMOS
United States District Judge

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE APPLICATION OF REPUBLIC OF KAZAKHSTAN FOR ORDER DIRECTING DISCOVERY FROM GLAS TRUST COMPANY LLC PURSUANT TO 28 U.S.C. § 1782** § § § § § § § § § § § § § § | Misc. Action No.1:23-mc-00283-ER |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Discovery Material that has been designated as Confidential and agree to be bound by its terms.

_____

Name:
Date: